Dorothy C. MARSH, Plaintiff,

v.

ALLIS CHALMERS MFG. CO., Union Local # 248, Milwaukee Psychiatric Hospital, John Dano and City of Milwaukee Health Department, Defendants.

Civ. A. No. 76–C–682.

United States District Court,
E. D. Wisconsin.

Nov. 21, 1977.

George F. Graf and James P. Maloney, Milwaukee, Wis., for defendant Union Local # 248.

Michael P. Erhard, Milwaukee, Wis., for defendant Milwaukee Psychiatric Hospital.

Thomas R. Cooper, Asst. City Atty., Milwaukee, Wis., for defendant City of Milwaukee Health Dept.

John Dano, pro se.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff Dorothy C. Marsh, appearing pro se, filed this action on September 30, 1976. The 23-page complaint is a confusing, rambling account of the plaintiff's problems while in the employ of Allis Chalmers Manufacturing Company ("Allis Chalmers"). With the exception of John Dano who has not been served with process so as to become a party to this action, each defendant has filed a motion to dismiss the complaint. The motions are granted.

*Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), requires that a pro se complaint be construed broadly. However, no matter how broadly the Court construes the plaintiff's complaint in the above-captioned action, it cannot find that she has stated a claim upon which relief can be granted.

■ On a motion to dismiss, all well pleaded material allegations of the complaint are taken as admitted for purposes of the motion. 2A Moore's Federal Practice ¶ 12.08, at 2266–2267 (2d ed. 1975). It appears from the complaint and the document filed by the plaintiff with the Court on December 13, 1976, that the defendant Allis Chalmers employed the plaintiff from 1941 until May 28, 1971, at which time she was terminated for her inability to perform her work. The defendant Local 248 carried her grievance through the third step before entering into an agreement with Allis Chalmers, placing the plaintiff on a total and permanent disability pension.

It further appears that Allis Chalmers referred the plaintiff to Dr. Zens at the

Dorothy C. Marsh, pro se.

George K. Whyte, Jr. and Matthew J. Flynn, Milwaukee, Wis., for defendant Allis Chalmers Mfg. Co.

Milwaukee Psychiatric Hospital while she was still in its employ. The plaintiff claims that she never received a copy of the doctor's report which allegedly diagnosed her as paranoid, and that Dr. Zens did not treat her.

The defendant Dano, at one time a neighbor of the plaintiff's, complained to the City of Milwaukee Health Department of the cats that plaintiff kept on her premises. The Health Department responded by sending an inspector to the plaintiff's home, which inspector issued a cleanup order to the plaintiff. Apparently the plaintiff did not comply with said order, for after a hearing conducted in the Milwaukee County Court, the plaintiff was ordered to divest herself of her cats and place them with a farmer in Northern Wisconsin.

 The plaintiff alleges that Allis Chalmers, Local 248, and the Milwaukee Psychiatric Hospital entered into a conspiracy to deprive her of her employment. The Court does not have jurisdiction over a conspiracy action such as this in the absence of diversity of citizenship. 28 U.S.C. § 1332. Were the Court to construe the complaint to allege a conspiracy in violation of 42 U.S.C. § 1985(3), the plaintiff has failed to allege the necessary class-based discrimination or invidious treatment that § 1985(3) requires. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

 The plaintiff further alleges that the union unfairly represented her in her grievance proceedings against Allis Chalmers. To state a claim for unfair representation, the plaintiff must plead facts demonstrating deliberate and severely hostile and irrational treatment. *Amalgamated*

*Association of Street, Electric Railway & Motor Coach Employees of America v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). The complaint does no more than make conclusory allegations of improper representation which, standing alone, are insufficient to state a claim. *Lockridge,* supra.

 The allegations against Dano and the Health Department regarding the plaintiff's continued ownership of her cats, on their face, have no federal jurisdictional basis.

 Although the complaint contains no allegations of sex discrimination in her termination at Allis Chalmers, the plaintiff attached to her complaint a copy of a charge of sex discrimination filed with the Equal Employment Opportunity Commission on October 11, 1974, and a copy of an initial determination denying her claim. Assuming for purposes of this motion that the plaintiff is alleging sex discrimination in violation of 42 U.S.C. § 2000e–2, she has failed to demonstrate that she has satisfied the prerequisites to a civil action as set forth in 42 U.S.C. § 2000e–5.

For the foregoing reasons,

IT IS ORDERED that the motions to dismiss are granted as to all defendants, and that the plaintiff's complaint be and it hereby is dismissed.